**Antonio HERNANDEZ–FLORES, a.k.a.
George Steven Martinez,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

**No. 08–70497.**

United States Court of Appeals,
Ninth Circuit.

---

**640**

Submitted Dec. 19, 2011.*

Filed Dec. 30, 2011.

John Martin Pope, Pope & Associates, PC, Phoenix, AZ, for Petitioner.

Luis E. Perez, Senior Litigation Counsel, Claire Workman, Trial, Norah Ascoli Schwarz, Senior Litigation Counsel, DOJ—U.S. Department Of Justice, Washington, DC, Chief Counsel Ice, Office Of the Chief Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

### MEMORANDUM **

Antonio Hernandez–Flores, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for cancellation of removal and voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Hamazaspyan v. Holder*, 590 F.3d 744, 747 (9th Cir.2009). We deny in part and dismiss in part the petition for review.

The BIA properly concluded that Hernandez–Flores was not prejudiced by the IJ's failure to notify him of pre-conclusion voluntary departure at his removal proceedings. His due process claim therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring both error and "substantial prejudice" to prevail on a due process challenge in removal proceedings).

We lack jurisdiction to review the BIA's discretionary denial of Hernandez–Flores' application for post-conclusion voluntary departure. *See* 8 U.S.C. §§ 1252(a)(2)(B), 1229c(f).

Hernandez–Flores' remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

